O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY E. LYLES et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN SCOTT et al., <br><br> Defendants. | Case No. CV 14-4519-CAS (JPR) <br><br> ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On June 12, 2014, Plaintiffs Timothy Lyles, Russell Williams, and Makary Yaroshuk, who were all at the time housed at the Los Angeles County Men's Central Jail, lodged pro se a civil rights action under 42 U.S.C. § 1983. The Magistrate Judge eventually granted Lyles's and Williams's requests to proceed in forma pauperis – Yaroshuk never submitted an acceptable one – and ordered the Complaint filed.

On October 28, 2014, after screening the Complaint under 28 U.S.C. § 1915, the Magistrate Judge dismissed it with leave to amend because it failed to state a claim upon which relief could be granted. She further noted that Plaintiff Williams had not

1

signed the original Complaint and must sign any amended complaint, and she found that because Plaintiff Yaroshuk had never responded to her orders concerning the deficiencies of his IFP request nor paid the filing fee, he must be dismissed as a Plaintiff. She expressly warned Lyles and Williams, in bold-faced letters, that if they did not file a first amended complaint within 28 days of the date of the Order, their lawsuit would likely be dismissed, for the reasons stated in the Order and for failure to prosecute. To date, Plaintiffs have not filed an amended complaint.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988), examined when it is appropriate to dismiss a lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the . . . Courts.").

In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (internal quotation marks omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors

militate in favor of dismissal. In particular, Plaintiffs have offered no explanation for their failure to file a first amended complaint. Thus, they have not rebutted the presumption of prejudice to Defendants. Further, this action has already been pending for more than half a year because Plaintiffs repeatedly failed to follow the Magistrate Judge's directions regarding their IFP applications. No less drastic sanction is available, as Plaintiffs' original complaint was almost devoid of facts specific to them and merely made general allegations of overcrowding and poor conditions. Moreover, Williams never signed the original Complaint, and Yaroshuk never submitted an acceptable IFP request or paid the filing fee. Although the fourth <u>Carey</u> factor weighs against dismissal – as it does in every case – together the other factors outweigh the public's interest in disposing of the case on its merits.

**ORDER**

Accordingly, this action is dismissed (1) pursuant to the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and (2) for the reasons outlined in the Magistrate Judge's October 28, 2014 Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 17, 2014

*Christina A. Snyder*
CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

Presented by:

<u>JEAN ROSENBLUTH</u>
Jean P. Rosenbluth
U.S. Magistrate Judge